## FOURTH DEPARTMENT, MAY, 1965

## (May 13, 1965)

■ In the Matter of the Arbitration between AUTO MECHANICS LODGE No. 1053, INTERNATIONAL ASSOCIATION OF MACHINISTS, Respondent, and HOUDAILLE CONSTRUCTION MATERIALS, INC., (BUFFALO CRUSHED STONE DIVISION), Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered October 8, 1964, in Erie County, which granted a motion by petitioner for an order to compel respondent to proceed to arbitrate.

Order modified in accordance with memorandum and, as modified, affirmed, without costs of this appeal to either party.

MEMORANDUM: In October, 1963 the parties executed a collective bargaining agreement which included a provision for arbitration of grievances, including employee discharge, arising under the meaning or application of the agreement. A dispute subsequently arose as to whether a closing of a temporary garage by the employer, resulting in the discharge of two employees, was a temporary or a permanent closing. In the latter case, discharge was permitted by the agreement upon payment of designated allowances, which terminated any grievance arising from the agreement.

When the internal grievance procedure set forth in article 16 of the agreement failed to resolve the dispute, the union sought a panel of arbitrators from the Mediation Board named in the contract. The dispute was described in the communication as "involving the discontinuance of employment of two employees". In its petition to compel arbitration, however, the union sought not only reinstatement of the employees but in addition, that the employer "be compelled to abide by the terms of [the agreement] for its duration". The order of Special Term implemented both requests.

Appellant contends that the submission is too broad and in substance would authorize an award that it could not close the garage during the life of the contract in spite of the contrary contract provision. The union argues that, if it succeeds in this proceeding, it is fearful that some other effort may be made to dismiss the employees necessitating another demand for arbitration.

We recognize that a court may not "consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501). (See, also, Matter of Plein [Charchat], 17 A D 2d 25, 28, affd. 12 N Y 2d 736; Matter of Dairymen's League Cooperative Assn. [Conrad], 18 A D 2d 321, 325.) But upon the facts here presented the fears and contentions of both parties are groundless. Neither the court nor the parties should anticipate that the arbitrator will not fashion in a proper manner appropriate relief if it is found that petitioner is entitled thereto. "Court action, having a tendency to interfere with the prerogatives of the arbitrators or to delay their proceedings, is not justified except where shown to be absolutely necessary for the protection of the rights of a party." (Matter of MVAIC [McCabe], 19 A D 2d 349, 353.)

Moreover, the record is barren of any facts to establish that a bona fide dispute presently exists as to any future breach of the contract by the employer. (Cf. Matter of Buchholz [Local 463], 15 N Y 2d 181, 183.) The fears of the union are not a substitute for facts. Furthermore, an arbitrator should not be mandated by a court to pass upon a framed issue that a party in futuro shall comply with the terms of a contract. Absent some reason therefor that may occur to the arbitrator, it is a transparent device (if implemented) to remove future disputes from arbitration and place them in courts by use of a contempt

954

proceeding for failure to comply with the mandatory injunction in the award of the arbitrator. We emphasize that we are not circumscribing the power of the arbitrator. We conclude that he should not be mandated by the court to pass thereon.

The second ordering paragraph of the order appealed from should be modified by striking therefrom the words "and that respondent be compelled to comply with the terms of the said contract, Exhibit 1 to the petition, for its duration".

GOLDMAN, J. (dissenting). It is difficult to understand why this appeal was undertaken. The only practical result will be a delay of nearly a year in resolving the issue. If, as contended by appellant, the closing of the garage was a permanent decision and, therefore, bona fide, it was a right specifically reserved to appellant by Article XXII of the agreement. This could easily and quickly be determined by the arbitration hearing. If, on the other hand, the closing was not permanent and a subterfuge used to dismiss the employees, as urged by respondent, then appellant directly violated the agreement, and any language in the order which would prevent such a repetition of a breach during the life of the agreement is not only within the sound discretion of Special Term, but entirely desirable.

Both parties agree that the fact situation presents an arbitrable issue, as provided for in Article XVI of the agreement. Once there is a valid contract to arbitrate, as here, and a failure to comply with it by submission to arbitration, the only authority of the court is to order arbitration pursuant to the terms of the agreement (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76). It is axiomatic that "On a motion to compel arbitration the court may only consider the existence of an agreement to arbitrate and whether there is a dispute arising thereunder (*Matter of United Culinary Bar & Grill Employees* [*Schiffman*], 272 App. Div. 491, 494, affd. 299 N. Y. 577) ". (*Matter of Carey* [*Westinghouse Elec. Corp.*], 6 A D 2d 582, 583.) We said in *Matter of International Assn. of Machinists, AFL-CIO, Lodge 2116* (*Buffalo Eclipse Corp.*) (12 A D 2d 875, affd. 9 N Y 2d 946) : "The duty to arbitrate a dispute arising during the term of the agreement survives the expiration thereof ". A fortiori, where is the error in requiring compliance "for its duration"? Cases have held repeatedly that the arbitration should concern itself with the terms of the contract. The next question naturally follows — for how long? The answer seems obvious — for the duration or life of the contract.

The Supreme Court of the United States made it clear that "Arbitration is a stabilizing influence only as it serves as a vehicle for handling any and all disputes that arise under the agreement" (*Steelworkers* v. *American Mfg. Co.,* 363 U. S. 564, 567). Although the First Department found that the petition did not state an arbitrable dispute in *Matter of Electronic & Missile Facilities* (*Campbell*) (20 A D 2d 891) it made this pertinent observation: "The executed written agreement providing for arbitration of 'Any controversy or claim arising out of or relating to this agreement or the breach thereof' is sufficient to include questions of continued existence of the agreement itself (see 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7501.23, 7503.02)."

If the arbitrators should determine that the closing of the garage was not permanent, they would be entirely within their authority and function to direct that the garage should not be closed during the duration of the agreement unless the closing is permanent. The appellants admit that they should have no right to close the garage unless it is a permanent closing. A decision by the arbitrators, as suggested here, would prevent a recurrence of the dispute between the parties. The order of the court requiring compliance with the agreement for the life of the agreement is, in my judgment, a salutary one. Unless we

are prepared to say that the Special Term Justice either abused his discretion or made an improvident exercise thereof, this order should not be modified. The provisions of the order were completely justified under the facts presented to Special Term and should be affirmed.

Williams, P. J., Bastow, Noonan and Del Vecchio, JJ., concur in decision; Goldman, J., dissents and votes for affirmance in opinion.

Order modified and, as modified, affirmed, etc.